**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| JAMES ORR,<br>  Petitioner, | Case No. 1:11-cv-919 |
| | Barrett, J. |
| vs | Bowman, M.J. |
| WARDEN, LEBANON<br>CORRECTIONAL INSTITUTION,<br>  Respondent. | **REPORT AND**<br>**RECOMMENDATION** |

Petitioner, an inmate in state custody at the Lebanon Correctional Institution in Lebanon,

Ohio, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Doc.

1).  This matter is before the Court on the petition, respondent's "Answer/Return of Writ" with

exhibits, and petitioner's "Traverse Brief" in reply to the return of writ.  (Docs. 1, 7, 9).[1]

## I.  PROCEDURAL HISTORY

### State Trial Proceedings

In March 2006, the Hamilton County, Ohio, grand jury returned a twelve-count indictment

against petitioner and a co-defendant, Anthony Hayes.  (Doc. 7, Ex. 3).  In its direct appeal

decision, the Ohio Court of Appeals, First Appellate District, provided the following summary of

the facts that led to the indictment:[2]

---

[1] Petitioner has also filed a non-dispositive motion, which is opposed by respondent (*see* Doc. 12), to compel the respondent to produce the "complete Trial Transcript, including the Victim[] Impact Statement of the alleged Victim, which was read into the Record."  (Doc. 11).  The undersigned has denied the petitioner's motion as moot in a separate Order issued this date.

[2] 28 U.S.C. § 2254(e)(1) provides that "[i]n a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct" unless petitioner rebuts the presumption by "clear and convincing evidence." Because petitioner has not presented clear and convincing evidence to rebut the Ohio Court of Appeals' factual findings, those findings are presumed to be correct.  *See McAdoo v. Elo,* 365 F.3d 487, 493-94 (6th Cir. 2004).

> One afternoon, a man later identified as Orr approached April Gill while she was using an automated-teller machine outside a grocery store.  Orr and his accomplice, Anthony Hayes, then got into Gill's car and demanded money.  Hayes threatened to kill her if she did not comply, and he showed her the butt of a handgun.  Orr and Hayes made off with Gill's purse, her car keys, and more than $1000.
>
> Approximately two weeks later, Orr approached Candace Pugh in the parking lot of a restaurant.  After a brief conversation, he and Hayes got into Pugh's car with her and her three children.  Hayes patted his jacket to indicate that he was carrying a gun.  The men then ordered Pugh to drive to her bank and withdraw money.
>
> When they arrived at the bank, Hayes accompanied Pugh into the bank with Pugh's youngest child.  Orr remained in the car with the other children.  Pugh withdrew $1000 and gave it to Hayes.  Orr and Hayes then ordered her to return to the restaurant and drop them off.  They told Pugh that they knew where she lived and that she was to drive directly to her home.

(*Id.*, Ex. 2, pp. 1-2).

In the indictment, petitioner was charged in Count Two with robbery in violation of Ohio Rev. Code § 2911.02(A)(2) in connection with the incident involving victim April Gill.  (*Id.*, Ex. 3).  He was charged in connection with the second incident involving victim Candace Pugh and Pugh's children with one count of aggravated robbery in violation of Ohio Rev. Code § 2911.01(A)(1) with firearm specifications (Count Three); one count of robbery in violation of Ohio Rev. Code § 2911.02(A)(3) with firearm specifications (Count Four); four counts of kidnapping in violation of Ohio Rev. Code § 2905.01(A)(2) with firearm specifications (Counts Five through Eight); and one count of having weapons while under disability (Count Eleven). (*Id.*).

Petitioner was tried separately from Hayes.  On July 27, 2009, petitioner waived his right to a jury trial and elected to be tried by the court.  (*Id.*, Ex. 5).  Following a bench trial, the trial

2

judge found petitioner guilty on all charges except for the weapons offense charged in Count

Eleven, which was dismissed at the State's request.  (*See id.*, Brief, p. 3 & Ex. 6).

On September 16, 2009, the trial court issued a Judgment Entry sentencing petitioner to a

term of imprisonment totaling thirty-two (32) years.  Specifically, for purposes of sentencing, the

court merged the robbery offense with specifications charged in Count Four with the aggravated

robbery offense with specifications charged in Count Three, as well as the two firearm

specifications attached to all counts containing specifications.  (*See id.*, Ex. 6).  The court also

ordered that the sentences imposed for the four kidnapping offenses charged in Counts Five

through Eight, as well as the merged firearm specifications attached to each of those counts, were

to be served concurrently with one another.  (*Id.*).  The court then sentenced petitioner to

consecutive prison terms of eight (8) years for the robbery offense charged in Count Two; ten

(10) years for the aggravated robbery offense charged in Count Three, as well as an additional

three (3) years on the merged firearm specifications attached to that count; and eight (8) years for

the kidnapping offenses charged in Counts Five through Eight, as well as an additional three (3)

years on the merged firearm specifications attached to the kidnapping counts.  (*See id.*).  On May

5, 2010, the trial court issued a "nunc pro tunc" Judgment Entry amending the original judgment

to include a provision requiring petitioner to pay court costs.   (*See id.*, Ex. 1).[3]

### State Appeal Proceedings

With the assistance of new counsel for appeal purposes, petitioner filed a timely notice of

appeal to the Ohio Court of Appeals, First Appellate District.  (Doc. 7, Ex. 7).  In the brief filed

---

[3] The amendment was made when the matter was remanded by the Ohio Court of Appeals, First Appellate District, on April 28, 2010, to correct the trial court's failure "to address the issue of court costs in its judgment entry."  (*See* Doc. 7, Ex. 2, pp. 5-6).

by counsel on petitioner's behalf, petitioner presented the following assignments of error for the

court's consideration:

1. The trial court erred to the prejudice of the Defendant-Appellant by finding him guilty of aggravated robbery, robbery, and kidnapping, as those findings were not supported by sufficient evidence.

2. The trial court erred to the prejudice of the Defendant-Appellant by finding him guilty of aggravated robbery, robbery, and kidnapping, as those findings were contrary to law.

3. The trial court erred to the prejudice of the Defendant-Appellant by overruling his Motion for Acquittal under Ohio Criminal Procedure Rule 29.

4. Defendant-Appellant was prejudiced by the structural defect in his indictment.

5. The trial court erred to the prejudice of Defendant-Appellant by imposing a sentence that is an abuse of discretion.

6. The trial court erred to the prejudice of Defendant-Appellant in sentencing him on Counts 3, 5, 6, 7, and 8.

7. The trial court erred to the prejudice of Defendant-Appellant in not addressing his motions to dismiss and motion to suppress.

(*Id.*, Ex. 8).

On April 28, 2010, the Ohio Court of Appeals issued a Judgment Entry overruling

petitioner's assignments of error and affirming the trial court's judgment.  (*Id.*, Ex. 2).[4]

Petitioner's appellate counsel filed a timely appeal to the Ohio Supreme Court, asserting

as propositions of law the same claims of error that had been raised on direct appeal to the Ohio

Court of Appeals.  (*Id.*, Exs. 10-11).  On August 25, 2010, the Ohio Supreme Court declined

---

[4] As noted above, *see supra* p. 3 n.3, the state appellate court did remand the matter to the trial court for the limited purpose of correcting its failure "to address the issue of court costs" in its final sentencing entry.  (Doc. 7, Ex. 2, pp. 5-6).  As discussed above, *see supra* p. 3, the trial court corrected the error in a "nunc pro tunc" Judgment Entry filed May 5, 2010.  (*Id.*, Ex. 1).

jurisdiction to hear the case and summarily dismissed the appeal "as not involving any substantial

constitutional question." (*Id.*, Ex. 13).

### Delayed Application To Reopen The Direct Appeal

On February 2, 2011, over nine months after the Ohio Court of Appeals' direct appeal

decision was journalized and over five months after the Ohio Supreme Court issued its final entry

dismissing petitioner's appeal in that matter, petitioner filed a *pro se* "Delayed Application For

Reopening" of his appeal with the Ohio Court of Appeals, First Appellate District.  (Doc. 7, Ex.

14).  In the application filed pursuant Ohio R. App. P. 26(B), petitioner claimed that he was

denied effective assistance by his appellate counsel, who should have raised six additional

assignments of error on appeal challenging (1) the "maximum sentences imposed by the trial

court as to all felony counts in which Appellant was tried and convicted;" (2) the validity of the

indictment based on "the fact that Appellant was not charged with any offense as defined by state

statute;" (3) trial counsel's failure to object to petitioner's trial and conviction for "first and

second degree felony robbery as to the same victim at the same time and same location;" (4) trial

counsel's failure to object to petitioner's convictions on the firearm specifications due to the

absence of any "evidence or proof of operability," which is an "essential element" of the

specification; (5) trial counsel's failure to object to the court's finding that petitioner was guilty

"of the underlying felony offenses 'with' firearm specifications and not separately and apart from

the underlying felonies as required by law;" and (6) trial counsel's failure to object to the trial

court's failure "to impose and make a journal entry of sentence after conviction for robbery as to

Count 4 of the indictment as required by law." (*See id.*, pp. 4-7).

In the application, petitioner conceded that he had not met the time requirement set forth

in Ohio R. App. P. 26(B)(1) for filing a timely reopening application.  (*Id.*, p. 1).  Petitioner

argued that his request should be granted "for good cause," despite his delay in filing, because "he

is totally lay at law . . . and could not identify and raise any of his additional assignments of error

on his own."  (*Id.* & attached "Affidavit of James Orr").  Petitioner further contended that he

"was without the assistance of professionally trained and licensed legal counsel and . . . was

unable to raise his additional assignments of error and to file his delayed request for reopening of

his appeal until after he consulted a fellow prison inmate with some ability at law <u>after</u> the ninety

day period for filing [a timely] request for the reopening of his appeal had expired."  (*Id.*,

"Affidavit of James Orr").  Donald Turner, the inmate who allegedly helped petitioner identify

the additional issues and prepare the reopening application, also submitted a supporting affidavit.

In his affidavit, Turner stated that petitioner asked for his help "[d]uring the months of August

and September 2010."  (*Id.*, "Affidavit of Donald Turner").  Turner also averred that he assisted

petitioner in identifying the six additional issues that should have been raised by counsel on direct

appeal and also helped petitioner prepare and file the delayed reopening application because

petitioner "lack[ed] the ability to prepare such request himself and to file it on his own."  (*Id.*).

On March 9, 2011, the Ohio Court of Appeals overruled petitioner's reopening application

on the ground that petitioner had "failed to provide sufficient reasons for failure to timely file his

application to reopen his appeal."  (*Id.*, Ex. 16).

It appears from the record that petitioner did not pursue a timely appeal to the Ohio

Supreme Court from the state appellate court's ruling.  Petitioner states in his petition that he was

unable to perfect the appeal because the Ohio Supreme Court refused to file his pleading, which

was submitted "one day late."  (Doc. 1, pp. 9, 10).

**Federal Habeas Corpus**

The instant federal habeas corpus action commenced on December 30, 2011. (*See* Doc.

1). However, it is presumed that the petition was filed on December 19, 2011, the date that

petitioner claims he placed the petition in the prison mailing system for submission to this Court.

(*See* Doc. 1, p. 16).[5] In the petition, petitioner alleges five grounds for relief:

> **Ground One:** Evidence was insufficient to support conviction in violation of the
> 5th and 14th Amendment[s].
>
> **Supporting Facts:** One conviction was for an offense not even indicted for, with
> no evidence of any weapon [e]ver presented on any charge including all firearm
> specification[s], no evidence of force or even thre[a]t of force, no evidence to
> support any kidnapping element. Court should have granted Rule 29 motion to all
> counts. . . .
>
> **Ground Two:** INEFFECTIVE ASSISTANCE OF COUNSEL 5th, 6th and 14th
> amendment violations.
>
> **Supporting Facts:** Counsel failed to object and preserve the fact that appellant
> was tried and convicted for 2 degrees of Robbery on the same victim at the same
> time. Failure to object and preserve fact that appellant[] was convicted of firearm
> specification without any evidence of a weapon or operability. Failure to object
> and preserve fact that appellant was found guilty of the underlying felony offenses
> with specifications and not separ[a]tely as required by law. Failure to object and
> preserve fact that the trial court failed to impose and make a journal entry of
> sentence after conviction on cou[n]t 4 of indictment.
>
> **Ground Three:** INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL
> 5th, 6th[,] 14th amendment violations.
>
> **Supporting Facts:** Did not raise fact appellant was given maximum sentence on
> all counts[.] Did not raise claim that court lacked subject matter jurisdiction as
> appellant was not charged with any offenses defined by statute and the indictment
> was void. Appellate counsel did not raise ineffective assistance of trial counsel for

---

[5] The filing date of a federal habeas corpus petition submitted by a *pro se* prisoner is the date on which the prisoner provides his papers to prison authorities for mailing. *See Houston v. Lack,* 487 U.S. 266 (1988); *see also Miller v. Collins,* 305 F.3d 491, 497-98 (6th Cir. 2002); *Goins v. Saunders,* 206 F. App'x 497, 499 n.1 (6th Cir. 2006).

trial counsel['s] failure to raise all claims listed in ground two.

**Ground Four:** ALLIED OFFENSES OF SIMILAR IMPORT VIOLATES DOUBLE JEOPARDY AND DUE PROCESS 5th, 14th amendment violations.

**Supporting Facts:** In multiple counts of the indictment cts. 3, 5, 6, 7, 8, in adding to the Robbery charges the appellant was charged with and convicted on kidnapping for the victim of the robbery as well as se[]veral counts[.] Being charged for various degree[s] of offense despite it being the same incident. . . .

**Ground Five:** Defective indictment.

**Supporting Facts:** Several charges which the Petitioner was convicted of, the indictment for those charges only bears the name of the Petitioner's co-defendant or the names of the co-defendant and the Petitioner. The co-defendant and Petitioner were tried separately. As such this Petitioner is convicted for charges that he was not indicted for and thus his indictment is defective on it[]s face. . . .

(Doc. 1, pp. 6, 8, 9, 11, 13).

In the return of writ filed in response to the petition, respondent contends that the petition is subject to dismissal with prejudice because it is barred from review by the applicable one-year statute of limitations governing federal habeas petitions, which is set forth in 28 U.S.C. § 2244(d). (Doc. 7, pp. 14-19). Respondent also alternatively argues that Grounds Two through Five of the petition are subject to dismissal with prejudice because the federal constitutional claims alleged in those grounds for relief "were not fairly presented and exhausted in state court." (*Id.*, pp. 19-33). Finally, respondent claims that the petition should be denied because petitioner has not demonstrated he is entitled to relief based on the merits of his claims. (Id., pp. 33-55). Petitioner has filed a "traverse brief" in reply to the return of writ. (Doc. 9).

## II. THE PETITION SHOULD BE DISMISSED WITH PREJUDICEC BECAUSE IT IS TIME-BARRED

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective

Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody

pursuant to the judgment of a state court must file an application for a writ of habeas corpus

within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct
> review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State
> action in violation of the Constitution or laws of the United States is removed, if
> the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by
> the Supreme Court, if the right has been newly recognized by the Supreme Court
> and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could
> have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the

pendency of a properly filed application for state post-conviction relief or other collateral review.

The limitations provisions set forth in § 2244(d)(1)(B) and § 2244(d)(1)(C) do not apply

to the case-at-hand.  Petitioner has not asserted a constitutional right that has been newly

recognized by the United States Supreme Court and made retroactively applicable to cases on

collateral review, nor has he alleged facts indicating that he was prevented from filing a timely

habeas petition by any state-created impediment to filing.  In addition, the provision set forth in §

2244(d)(1)(D) is inapplicable because the alleged violations, which occurred during the trial and

direct appeal proceedings, were discoverable in the exercise of due diligence before the

conclusion of direct review or expiration of time for seeking such review.  Petitioner has argued

that he was unable to discover the issues underlying his ineffective-assistance-of-appellate-

counsel claim alleged in Ground Three, including the ineffective-assistance-of-trial counsel claim

9

alleged in Ground Two, until he consulted an inmate with legal experience in August and

September 2011.  However, that contention is unavailing because § 2244(d)(1)(D) is triggered by

the inability to discover the *factual predicate* of a claim, rather than the inability to understand the

the *legal issues* that may be raised based on known facts.  *Cf. Tatum v. Warden, Allen Corr. Inst.,*

No. 1:07cv355, 2008 WL 1766790, at *1, *7 n.5 (S.D. Ohio Apr. 11, 2008) (Beckwith, J.; Black,

M.J.) (and cases cited therein) (the § 2244(d)(1)(D) "inquiry turns on the discovery of the facts

giving rise to the petitioner's claim, not the discovery of the legal basis or all evidence supporting

the claim") (internal citation and quotation omitted); *see also Dixon v. Jeffreys*, No. 2:11cv86,

2011 WL 6009695, at *3 (S.D. Ohio Oct. 5, 2011) (Deavers, M.J.) (Report & Recommendation)

(quoting *Reese v. Timmerman-Cooper*, No. 3:10cv218, 2010 WL 2998880, at *1 (S.D. Ohio June

28, 2010) (Merz, M.J.) (Report & Recommendation) ("Nothing in § 2244 suggests that the statute

begins to run when a petitioner finally understands the legal significance of facts relevant to his

claim."), *adopted*, 2010 WL 2998889 (S.D. Ohio July 28, 2010) (Rose, J.)), *adopted*, 2011 WL

6019102 (S.D. Ohio Dec. 1, 2011) (Graham, J.).  Therefore, the one-year statute of limitations set

forth in 28 U.S.C. § 2244(d)(1)(A) governs all of petitioner's grounds for federal habeas relief.

Under § 2244(d)(1)(A), the statute of limitations begins to run when the challenged

judgment of conviction and sentence is rendered "final" by the conclusion of direct review or the

expiration of time for seeking such review.  Here, petitioner's conviction became final on

November 23, 2010, when the 90-day period expired for filing a petition for writ of certiorari to

the United States Supreme Court from the Ohio Supreme Court's August 25, 2010 final judgment

entry in the state appeal proceedings.  *See Lawrence v. Florida,* 549 U.S. 327, 333-34 (2007)

(citing *Clay v. United States*, 537 U.S. 522, 527-28 (2003), as support for the conclusion that in

contrast to the tolling provision set forth in 28 U.S.C. § 2244(d)(2), "direct review" for purposes

of determining finality under § 22444(d)(1)(A) includes the time for seeking review in the United

States Supreme Court).  Therefore, as respondent has argued in the petition (*see* Doc. 7, pp. 15-

16), because petitioner's conviction became final on November 23, 2010, the statute of limitations

began to run on November 24, 2010 and expired a year later on November 24, 2011, absent

application of statutory or equitable tolling principles.

During the one-year limitations period commencing on November 24, 2010, petitioner

was entitled to statutory tolling under 28 U.S.C. § 2244(d)(2) based on any pending "properly

filed" applications for state post-conviction relief or other collateral review.  *See* 28 U.S.C. §

2244(d)(2); *see also Holland v. Florida,* __ U.S. __, 130 S.Ct. 2549, 2554 (2010); *Allen v. Siebert,*

552 U.S. 3, 4 (2007) (per curiam); *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003).  "The

tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero);

it can only serve to pause a clock that has not yet fully run."  *Vroman,* 346 F.3d at 602 (quoting

*Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998)).  Once the limitations period is

expired, state collateral review proceedings can no longer serve to avoid the statute of limitations

bar.  *Id.*

In this case, petitioner contends that the statute of limitations was tolled under §

2244(d)(2) during the time his delayed application for reopening of his appeal, filed on February

2, 2011 with the Ohio Court of Appeals, was pending before the state court for ruling.  (Doc. 9, p.

1).  It is petitioner's position that the application constitutes a "properly filed" application for state

post-conviction relief within the meaning of § 2244(d)(2) because it was accepted for filing by the

state appellate court.  (*See id.*).  However, contrary to petitioner's contention, and as the federal

district courts in Ohio have uniformly concluded in analogous cases, because the application was

ultimately denied as untimely by the Ohio Court of Appeals, it was not "properly filed" within the

meaning of § 2244(d)(2) and, therefore, did not serve to statutorily toll the limitations period.

*See, e.g., Howard v. Warden, Lebanon Corr. Inst.*, No. 1:11cv4, 2011 WL 2940389, at *4 (S.D.

Ohio June 27, 2011) (Bowman, M.J.) (Report & Recommendation), *adopted*, 2011 WL 2848211

(S.D. Ohio July 19, 2011) (Beckwith, J.); *see also Cleveland v. Bradshaw,* 760 F. Supp.2d 751,

768 (N.D. Ohio 2011), *rev'd on other grounds*, 693 F.3d 626 (6th Cir. 2012); *Willis v. Brunsman*,

No. 2:11cv1056, 2012 WL 2564539, at *3 (S.D. Ohio July 2, 2012) (King, M.J.) (Report &

Recommendation), *adopted*, 2012 WL 3962899 (S.D. Ohio Sept. 11, 2012) (Graham, J.); *Goens*

*v. Warden, Lebanon Corr. Inst.,* No. 1:09cv650, 2010 WL 3399335, at *3 n.6 (S.D. Ohio Apr. 14,

2010) (Black, M.J.) (Report & Recommendation), *adopted*, 2010 WL 3399247 (S.D. Ohio Aug.

26, 2010) (Barrett, J.); *Bufford v. Warden, Lebanon Corr. Inst.*, No. 1:08cv887, 2009 WL

4114713, at *1, *4 (S.D. Ohio Nov. 23, 2009) (Dlott, J.; Black, M.J.); *Pianowski v. Warden, Ohio*

*State Penitentiary*, No. 3:09cv185, 2009 WL 5947133, at *1 (S.D. Ohio Oct. 29, 2009) (Merz,

M.J.) (Report & Recommendation), *adopted*, 2010 WL 749653 (S.D. Ohio Mar. 1, 2010) (Rice,

J.).

 In *Howard*, the undersigned reasoned as follows in holding that the limitations period was

not extended under § 2244(d)(2) by a delayed reopening application, which was similarly

overruled by the Ohio Court of Appeals on the ground that the petitioner had "failed to provide

sufficient reasons for failure to timely file his application:"

> It is well-settled that a state application for post-conviction relief is "properly
> filed" within the meaning of § 2244(d)(2) "when its delivery and acceptance are in
> compliance with the applicable laws and rules governing filings," such as those

prescribing the time limits for filing. *Artuz v. Bennett*, 531 U.S. 4, 8, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000).  A state post-conviction petition rejected by the state courts on timeliness grounds is not "properly filed" and, therefore, is not subject to statutory tolling under § 2244(d)(2).  *Allen,* 552 U.S. at 5 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 414, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)). *See also Vroman,* 346 F.3d at 603.

"Whether a time limit is jurisdictional, an affirmative defense, or something in between, it is a 'condition to filing' . . . [that] places a limit on how long a prisoner can wait before filing a post-conviction petition." *Allen*, 552 U.S. at 6.  The existence of certain exceptions to a timely filing requirement does not preclude a finding that a late petition was improperly filed.  *Pace*, 544 U.S. at 413.  As the Court explained in *Pace:*

> In common understanding, a petition filed after a time limit, and which does not fit within any exceptions to that limit, is no more "properly filed" than a petition filed after a time limit that permits no exception.  The purpose of AEDPA's statute of limitations confirms this commonsense reading.  On petitioner's theory, a state prisoner could toll the statute of limitations at will simply by filing untimely state postconviction petitions.  This would turn § 2244(d)(2) into a *de facto* extension mechanism, quite contrary to the purpose of AEDPA, and open the door to abusive delay.

*Id.*  Therefore, "[w]hen a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Id.* at 414.

*Howard, supra*, 2011 WL 2940389, at \*4.  The reasoning of *Howard* applies here. Therefore, as in *Howard* and in accordance with the other cited analogous cases, no statutory tolling applies to extend the limitations period in this case because petitioner's delayed reopening application, which was denied as untimely, was not "properly filed" within the meaning § 2244(d)(2).

The AEDPA's statute of limitations is subject to equitable tolling, *see Holland*, 130 S.Ct. at 2560, "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control." *Hall v. Warden, Lebanon Corr. Inst.,* 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)), *cert.*

*denied*, 133 S.Ct. 187 (2012). Equitable tolling is granted "sparingly." *Id.* (quoting *Robertson*, 624 F.3d at 784). A habeas petitioner is entitled to equitable tolling only if he establishes that (1) "he has been pursuing his rights diligently;" and (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (quoting *Holland*, 130 S.Ct. at 2562 (internal quotations omitted)); *see also Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005). Although the Sixth Circuit previously utilized a five-factor approach in determining whether a habeas petitioner is entitled to equitable tolling, *Holland*'s two-part test has replaced the five-factor inquiry as the "governing framework" to apply. *Hall*, 662 F.3d at 750 (citing *Robinson v. Easterling,* 424 F. App'x 439, 442 n.1 (6th Cir.), *cert. denied,* 132 S.Ct. 456 (2011)). "With *Holland* now on the books, the 'extraordinary circumstances' test, which requires both reasonable diligence and an extraordinary circumstance, has become the law of this circuit." *Id.*; *see also Patterson v. Lafler,* 455 F. App'x 606, 609 n.1 (6th Cir. 2012).

Petitioner has not demonstrated that he is entitled to equitable tolling in this case. First, petitioner has not shown that he has been diligent in pursuing his rights. Petitioner waited over nine months after the Ohio Court of Appeals' direct appeal decision was journalized, long after the 90-day filing deadline had passed, before filing his application to reopen the appeal with the state appellate court. *See* Ohio R. App. P. 26(B)(1). Moreover, after the Ohio Court of Appeals denied his reopening application as untimely on March 9, 2011, petitioner delayed again for more than nine months before filing the instant federal habeas petition.

Second, petitioner has not shown that he was prevented by some extraordinary circumstance from seeking relief in a more timely manner. Petitioner claimed in support of his delayed reopening application that he lacked the ability and legal training and experience to

14

prepare and file a timely application without the assistance of another person with knowledge of the law.  However, it is well-settled that neither lack of knowledge of the law nor the inability to obtain legal assistance constitutes an extraordinary circumstance sufficient to excuse the statute-of-limitations bar to review.  *Cf. Hall*, 662 F.3d at 751-52; *see also Johnson v. United States,* 544 U.S. 295, 311 (2005) (in a case where the defendant defended his delay in challenging a state conviction on the basis of his *pro se* status and lack of "sophistication" in understanding legal procedures, the Court stated:  "[W]e have never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness.").

In addition, although the mental incapacity of the petitioner can warrant the equitable tolling of the limitations period, it "is not a *per se* reason to toll a statute of limitations." *McSwain v. Davis*, 287 F. App'x 450, 456 (6th Cir. 2008) (and cases cited therein).  "In order to be entitled to equitable tolling the petitioner must make a threshold showing of incompetence and must also demonstrate that the alleged incompetency affected [his] ability to file a timely habeas petition." *Id.* (and cases cited therein).  Petitioner has made no such showing in this case.  Petitioner's conclusory assertion regarding his alleged "inability" to pursue a timely reopening application on his own is simply insufficient to demonstrate that petitioner was prevented by an extraordinary circumstance beyond his control to file a federal habeas petition by the statute-of-limitations deadline date of November 24, 2011.

Accordingly, in sum, the undersigned concludes that petitioner's federal habeas corpus petition is time-barred.  Under the applicable provision set forth in 28 U.S.C. § 2244(d)(1)(A), the statute of limitations governing petitioner's claims for relief commenced running on November

15

24, 2010, and expired one year later on November 24, 2011.  Neither statutory nor equitable

tolling principles apply to extend the limitations period in this case.  Therefore, the instant habeas

corpus petition (Doc. 1), filed on December 19, 2011, nearly a month after the statute of

limitations had run its course, should be **DISMISSED** with prejudice.

### IT IS THEREFORE RECOMMENDED THAT:

1.  Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1)

be **DISMISSED** with prejudice on the ground that it is time-barred under 28 U.S.C. § 2244(d).

2.  A certificate of appealability should not issue with respect to the claims for relief

alleged in the petition, which this Court has concluded are barred from review on a procedural

ground, because under the first prong of the applicable two-part standard enunciated in Slack v.

*McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether

the Court is correct in its procedural ruling.[6]

3.  With respect to any application by petitioner to proceed on appeal *in forma pauperis,*

the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting

this Report and Recommendation would not be taken in "good faith," and therefore **DENY**

petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity.  *See* Fed. R.

App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).


/s/ *Stephanie K. Bowman*
United States Magistrate Judge

---

[6]Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in his time-barred grounds for relief.  *See Slack,* 529 U.S. at 484.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

JAMES ORR,                                                Case No. 1:11-cv-919
      Petitioner,

                                                  Barrett, J.
    vs                                                  Bowman, M.J.

WARDEN, LEBANON
CORRECTIONAL INSTITUTION,
      Respondent.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), WITHIN 14 DAYS after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.   This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections WITHIN 14 DAYS after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc