**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

JAMES ORR,

    Petitioner,

vs.

WARDEN, LEBANON
CORRECTIONAL INSTITUTION

    Respondent.

Case No. 1:11-CV-919

Judge Michael R. Barrett

## OPINION & ORDER

This matter is before the Court on Magistrate Judge's January 23, 2013 Report and Recommendation ("R&R") recommending that Petitioner's petition for a writ of habeas corpus be dismissed with prejudice on the ground that it is time-barred. (Doc. 14).

The parties were given proper notice, pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, including notice that the parties may waive further appeal if they failed to file objections in a timely manner. *See United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981). Petitioner filed timely Objections (Doc. 19) and Respondent filed a Reply to the Objections (Doc. 20).

For the reasons stated below, the Court OVERRULES Petitioner's Objections, and the January 23, 2013 R&R is ADOPTED in its entirety.

## BACKGROUND

Petitioner filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). The Magistrate Judge found that the petition is barred from review by

the applicable one-year statute of limitations, 28 U.S.C. 2244(d)(1)(A). As the Magistrate Judge noted, it is presumed that the petition was filed on December 19, 2011, which is the date that Petitioner claims he placed the petition in the prison mailing system. However, the Magistrate Judge found that Petitioner's conviction became final on November 23, 2010, and therefore the one-year statute of limitations expired on November 24, 2011. The Magistrate Judge also found that Petitioner was not entitled to statutory or equitable tolling. Petitioner objects, and argues that he is entitled to equitable tolling.

**ANALYSIS**

When objections to a magistrate judge's R&R are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P 72 (b)(3). After review, the district judge "may accept, reject, or modify the recommendation decision; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.; see also* 28 U.S.C. § 636(b)(1).

Petitioner claims that he is entitled to equitable tolling as a matter of law, because his petition was filed less than one month late; he is over 70 years old; he must use a colostomy bag; his access to the prison law library is limited; he has limited finances; and he is proceeding *pro se*. Petitioner also argues that he has made a credible showing of actual innocence.

Equitable tolling is granted "sparingly," *Hall v. Warden. Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011), and as Magistrate Judge explained a petitioner is entitled to equitable tolling only if he establishes that (1) "he has been pursuing his rights

2

diligently;" and (2) "some extraordinary circumstances stood in his way and prevented timely filing." *Holland v. Florida,* 130 S.Ct. 2549, 2562 (2010).

As the Magistrate Judge explained, Petitioner waited over nine months after the Ohio Court of Appeals' direct appeal decision was journalized before filing his application to reopen the appeal with the state appellate court. The Magistrate Judge also noted that after the Ohio Court of Appeals denied his reopening application, Petitioner delayed another nine months before filing his federal habeas petition. Accordingly, Petitioner has not shown that he has been pursuing his rights diligently.

The Magistrate Judge also concluded that Petitioner has not demonstrated extraordinary circumstances which prevented him from filing his petition in a timely manner. While Petitioner points out that he is over 70 years old and must make use of a colostomy bag, he has not demonstrated that his age or medical condition caused his failure to comply with the statute of limitations.

Petitioner also argues that he is entitled to equitable tolling because his access to the prison law library is limited and his finances are limited. However, even combined with his *pro se* status and lack of knowledge of the law, these circumstances are not sufficient to warrant equitable tolling. *See Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 751-52 (6th Cir. 2011). *Cf. Jones v. United States*, 689 F.3d 621, 627 (6th Cir. 2012) (finding combination of factors justifies applying equitable tolling where petitioner was illiterate, had a variety of medical conditions and was transferred several times which caused him to be separated from his legal materials).

Petitioner also claims that the one-year statute of limitations should be tolled or excused based on credible showing of actual innocence. A claim of actual innocence is

not a request for equitable tolling, but is instead a request for an equitable exception to § 2244(d)(1). *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013). "To invoke the miscarriage of justice exception to AEDPA's statute of limitations . . . a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *Id.* at 1019 (quoting *Delo v. Schlup*, 513 U.S. 298, 327 (1995). The Sixth Circuit has explained:

> To assess that question, a court must survey "all the evidence, old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial." *House v. Bell*, 547 U.S. 518, 538, 126 S.Ct. 2064, 165 L.Ed.2d 1 (2006) (internal quotation marks omitted). With "all the evidence" thus in mind, the court's final task is "to assess the likely impact of the evidence on reasonable jurors"; it is not to work through an "independent factual determination" to divine "what likely occurred." *Id.* (internal quotation marks omitted).

*Eberle v. Warden, Mansfield Corr. Inst.*, 532 F. App'x 605, 613 (6th Cir. 2013). The only evidence upon which Petitioner relies to support his claim of actual innocence is a post-trial statement made by one of the victims: "Mr. Orr, your scams hurt people." Petitioner claims that this statement proves that all that occurred was a scam, and not aggravated robbery and kidnapping. The Court concludes that this statement is not adequate to show that no reasonable juror would have convicted him.

Based on the foregoing, Petitioner's Objections are **OVERRULED**.

## CONCLUSION

Having reviewed this matter *de novo* in accordance with Rule 72 of the Federal Rules of Civil Procedure, the Court finds no error in the Magistrate Judge's January 23, 2013 R&R (Doc. 14) and the R&R is **ADOPTED** in its entirety. It is hereby **ORDERED** as follows:

4

1. Petitioner's writ of habeas corpus be **DISMISSED WITH PREJUDICE** on the grounds that it is time-barred under 28 U.S.C. § 2244(d;.

2. A certificate of appealability shall not issue with respect to the claims for relief alleged in the petition, which this Court has concluded are barred from review on a procedural ground, because under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling;[1]

3. With respect to any application by Petitioner to proceed on appeal in *forma pauperis*, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting the R&R would not be taken in "good faith," and therefore Petitioner is **DENIED** leave to appeal in *forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997); and

4. This matter is **CLOSED** and **TERMINATED** from the docket of this Court.

**IT IS SO ORDERED.**

                                                  */s/ Michael R. Barrett*
                                                  United States District Judge

---

[1] Because the first prong of the *Slack* test has not been met, the Court will not address the second prong of *Slack* regarding whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in his time-barred grounds for relief. *See Slack*, 529 U.S. at 484.